# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STEVEN E. WARMAN,**

    **Plaintiff,**

v.                                                    **Civil Action No. 2:08cv100**
                                                            **(Judge Maxwell)**

**BRIAN P. HALLORAN,**

    **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

On September 29, 2008, the *pro se* plaintiff, a federal prisoner at FCI-Morgantown, initiated this case by filing a Motion for Permission to Seek Interlocutory Appeal and/or Requests (sic) Diversity Jurisdiction and a Motion to Proceed as a Pauper. This case is before the undersigned for an initial review and report and recommendation.

### I. Standard of Review

Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals

should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II. The Plaintiff's Motion

In the motion, the plaintiff seeks this Courts permission to file an interlocutory appeal "on Order of State Court, i.e., Commonwealth of Kentucky at Covington, (Case Number: 07-CI-3225) and/or permission to transfer on Deversity (sic) Jurisdiction." In support of his request, the plaintiff asserts that he initiated a civil complaint against the defendant, his former appellate counsel, "for legal malpractice arising out of the Southern District of Ohio within the Sixth Circuit Court of Appeals," where Mr. Halloran had allegedly been terminated by the Sixth Circuit for his ineffective representation of the plaintiff. The plaintiff asserts that diversity jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 because the case involves diverse parties and the amount in controversy exceeds $75,000. To further support his claim for diversity jurisdiction, the plaintiff asserts that Mr. Halloran resides in and conducts his legal business in the Commonwealth of Kentucky. The plaintiff also asserts that his claims against Mr. Halloran were dismissed as time-barred under the applicable Ohio statue of limitations, although "that Court continued to act and pursue this action in the Commonwealth." Because the plaintiff is a federal prisoner in West Virginia, he asserts that he has no access to the rules, procedures or caselaw materials for the states of Ohio or Kentucky. Therefore, the plaintiff requests that this Court intervene "in this civil action."

## III. Analysis

First, the plaintiff clearly cannot appeal a decision issued by a state court of Kentucky or the Sixth Circuit Court of Appeals in this Court. Second, § 1332(a) provides that "the district court shall have original Jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between — (1) citizens of different states." Thus, as plead, the complaint appears to allege diversity jurisdiction. However, in a civil action where diversity of

---

[1] Id. at 327.

citizenship is the only basis for jurisdiction, the action may only be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). According to the plaintiff, the defendant is a resident of Kentucky and the facts giving rising to the claim occurred in that State. Moreover, this Court does not have personal jurisdiction over the defendant.[2]

---

[2] For a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied. "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir.2001). The West Virginia long-arm statute is contained in W.Va. Code §56-3-33(a) and has been aptly explained by the Southern District of West Virginia as follows:

> "[b]ecause the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary ... to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather the statutory inquiry necessarily merges with the Constitutional inquiry." In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir.1997).
> To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interests here would not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Those minimum contacts necessary to confer jurisdiction are limited to those activities by which a person "purposely avails itself of the privilege of conducting activities within the forum state." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) see also In re Celotex, 124 F.3d at 628 (the minimum contacts must be "purposeful"). This occurs where the contacts "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)(emphasis in original), or where the defendant's efforts are "purposefully directed" at the state. Id. at 476, 105 S.Ct. 2174.

Vass v. Volva Trucks North America, Inc., 304 F. Supp. 2d 851, 854 (S.D. W.Va. 2004). Moreover, the issue of personal jurisdiction can be raised sua sponte by the Court. See 28 U.S.C. §1915; see also Hall v. Herman, 896 F. Supp. 588, (N.D. W.Va. 1995).

Here, the plaintiff has failed to assert any contact by the defendant with the state of West Virginia, much less the minimum contact necessary to satisfy the Due Process Clause. To the contrary, the complaint alleges that any action on the part of the defendant occurred in either Kentucky or Ohio, not in West Virginia. In point of fact, the plaintiff fails to assert that the defendant had any contact whatsoever with the State of West Virginia.

3

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's Motion for Permission to Seek Interlocutory Appeal and/or Request for Diversity Jurisdiction (dckt. 1) be **DENIED** and this case be **DISMISSED with prejudice** from the active docket of this Court. For this reason, the undersigned further recommends that the plaintiff's Motion to Proceed In Forma Pauperis (dckt. 2) be **DENIED as moot**.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

Dated: September 30, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE